UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHRISTOPHER WILLIAMS,

            Petitioner,            Case No. 1:13-cv-334

v.                                       Honorable Paul L. Maloney

MARY BERGHUIS,

            Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). Soon after filing his application for habeas corpus relief, Petitioner filed a motion to stay (docket #3) setting forth several unexhausted habeas grounds. After reviewing the requirements under *Rhines v. Weber,* 544 U.S. 269, 277 (2005), the Court will grant Petitioner a stay of these proceedings pending exhaustion of his claims in the state courts.

**Discussion**

    I.        Factual allegations

Petitioner presently is incarcerated at the Earnest C. Brooks Correctional Facility. Following a jury trial, Petitioner was convicted of two counts of first-degree criminal sexual conduct (CSC), MICH. COMP. LAWS § 750.520b(1)(a) (victim under 13 years of age), and one count of second-degree CSC, MICH. COMP. LAWS § 750.520c(1)(a) (victim under 13 years of age). On April 23, 2010, Petitioner was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of 35 to 90 years' imprisonment for each of his first-degree CSC convictions and 20 to 60 years' imprisonment for his second-degree CSC conviction. (Attach. C to Pet., docket #1-3, Page ID#21.)

Petitioner appealed his convictions and sentences to the Michigan appellate courts. In an unpublished opinion dated October 18, 2011, the Michigan Court of Appeals affirmed Petitioner's convictions and sentences. On March 26, 2012, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed by the court.

In his application for habeas corpus relief, Petitioner raises the following two grounds, which were raised before and rejected by the Michigan appellate courts:

    I.        THERE WAS NOT SUFFICIENT EVIDENCE PROVEN BY THE PROSECUTOR BEYOND A REASONABLE DOUBT THAT [PETITIONER] WAS GUILTY OF TWO COUNTS OF [FIRST-DEGREE] CRIMINAL SEXUAL CONDUC[T] [] AND ONE COUNT OF [SECOND-DEGREE] CRIMINAL SEXUAL CONDUCT.

    II.       [PETITIONER] WAS DENIED HIS CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE WHEN HE WAS NOT INFORMED BY LAW ENFORCEMENT[,] THE PROSECUTION[,] OR DEFENSE COUNSEL OF HIS STATUTORY RIGHT TO SUBMIT TO A POLYGRAPH

>EXAMINATION, THUS OBVIATING THE NEED FOR A TRIAL IN THE FIRST PLACE.

(Attach. C to Pet., docket #1-3, Page ID##16, 19.)

On April 29, 2013, Petitioner filed a motion to stay the proceedings (docket #3). In his motion, Petitioner seeks a stay of these proceedings to file a motion for relief from judgment in the trial court to raise claims of ineffective assistance of appellate counsel, newly discovered evidence and "other various issues." (Mot. to Stay, docket #3, Page ID#26).

### II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner exhausted the two claims in his habeas petition (docket #1) on direct appeal before the Michigan appellate courts. However, Petitioner has not yet exhausted the new claims in his motion to stay. He may present his new claims in a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Kent County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice could effectively preclude future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has

exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on March 26, 2012. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, June 25, 2012. Accordingly, absent tolling, Petitioner would have one year, until June 25, 2013, in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1] Because the statute of limitations expires on June 25, 2013, Petitioner does not have the necessary 30 days to file a motion for post-conviction relief and the additional 30 days to return to this Court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

of exhaustion, the dismissal would jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Petitioner asserts ineffective assistance of appellate counsel as cause for his failure to exhaust his new claims on direct appeal. He contends that his appellate counsel failed to raise several meritorious issues on appeal. Petitioner's allegations are sufficient to establish cause. In addition, Petitioner's unexhausted claims are not plainly meritless and there is no indication that he has engaged in intentionally dilatory litigation tactics. Because Petitioner has satisfied the *Rhines* requirements, the Court will grant a stay of the proceedings while Petitioner exhausts his state-court remedies.

## **Conclusion**

The Court finds that Petitioner has failed to exhaust his state-court remedies with regard to the grounds for habeas corpus relief set forth in his motion to stay. The Court will grant Petitioner a stay of these proceedings pending exhaustion of his state-court remedies. A separate order will issue setting forth the terms of the stay.


Dated:     May 9, 2013             /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  Chief United States District Judge